UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    Plaintiff,    Civil No. 18-14248 (NLH)

 v.          **OPINION**

$25,000 IN UNITED STATES
CURRENCY,

    Defendant.

**APPEARANCES:**

JORDAN MILOWE ANGER
OFFICE OF THE U.S. ATTORNEY
970 BROAD STREET
7TH FLOOR
NEWARK, NJ 07102

 *Attorney for Plaintiff United States of America.*

**HILLMAN, District Judge**

 This case is a forfeiture in rem action for $25,000 in United States currency.  Presently before the Court is Plaintiff's Motion for Default Judgment and Final Order of Forfeiture.  There has been no response to this motion.  For the reasons expressed herein, the Plaintiff's requests will be granted.

**BACKGROUND**

 This Court takes its facts from Plaintiff's Verified Complaint (the "Complaint") and the Declaration of Jordan Anger,

counsel for Plaintiff (the "Declaration"). The facts underlying this case arose in May 2018. On May 16, 2018, a confidential source ("CS-1") informed the Drug Enforcement Administration ("DEA") that CS-1 received a phone call on May 12, 2018 from an individual ("Individual-1") who wished to purchase one kilogram of cocaine. CS-1 told Individual-1 the price was $27,000 per kilogram. On May 17 ,2018, Individual-1 told CS-1 that he wished to meet later that day to purchase the cocaine.

Law enforcement arranged for another confidential source ("CS-2") to act as CS-1's representative. CS-2 agreed to meet with Individual-1 at the Premium Outlets in Blackwood, New Jersey. That same day, law enforcement recorded CS-2 meeting with Pedro Aybar and Christian Meran-Valdez in the Premium Outlets parking lot.

Aybar and Meran-Valdez were observed in a blue, 2003 Acura MDX; Aybar drove, Meran-Valdez was a passenger. When the two arrived at the Premium Outlets, Meran-Valdez got out of the car, approached CS-2 – who was standing beside a vending machine, and told CS-2 he had the "tickets." Plaintiff asserts this was code for money. CS-2 asked to see the "tickets" before he transferred the cocaine. Meran-Valdez and CS-2 went to the Acura, CS-2 got in the backseat, and Meran-Valdez introduced CS-2 to Aybar.

Aybar told CS-2 that he and Meran-Valdez had the money. On

the rear passenger seat floor, CS-2 found a red-and-white bag containing $25,000 in U.S. currency in stacks, wrapped in rubber-bands. CS-2 said the price was $27,000, but Aybar stated $25,000 was the agreed upon price. CS-2 directed Aybar and Meran-Valdez to meet him at a different location to retrieve the cocaine. The two attempted to follow CS-2, but took an illegal u-turn and were pulled over by local law enforcement.

Aybar and Meran-Valdez were questioned and gave conflicting accounts about why they had traveled to the Premium Outlets from New York City. Thereafter, Aybar gave local law enforcement verbal and written consent to search the Acura. They found the $25,000 in U.S. Currency – the defendant property - in a hidden compartment in the driver's side rear passenger door and found red-and-white gift bags matching the one described by CS-2.

Both Meran-Valdez and Aybar initially disclaimed ownership of the defendant property. It was seized pursuant to 21 U.S.C. § 881(a)(6), under the theory that the money was intended for use in a controlled substance transaction. The DEA initiated administrative forfeiture proceeding against the instant defendant in rem and Aybar filed a claim of ownership on July 9, 2018. Aybar stated that he was the owner of the property.

Plaintiff brought the instant action on September 25, 2018. There is one claim, that of forfeiture under 21 U.S.C. § 881(a)(6). Notice was published on October 18, 2018 as directed

by law and remained on the official government site until November 16, 2018. The Complaint and a Notice of Complaint was sent to Aybar's counsel, Mitchell C. Elman, on October 10, 2018 by Federal Express. It arrived on October 11, 2018. A warrant was returned executed for forfeiture on November 1, 2018. On December 21, 2018, Plaintiff requested default, the Clerk entered default, and Plaintiff filed the instant motion for default judgment.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1345.

### B. Default

The first step in obtaining a default judgment is the entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." FED. R. CIV. P. 55(a).

In an asset forfeiture case such as this one, the Clerk must enter default against the defendant property only after the properly notified potential claimant has failed to answer or file a notice of claim. See, e.g., United States v. $ 487,825.00 in U.S. Currency, No. 05-2481, 2006 U.S. Dist. LEXIS 33219, at *6 (D.N.J. May 24, 2006) (entering default against the defendant

currency is appropriate where "no answer or motion in lieu of an answer had been filed"). The Clerk entered default against the defendant property on December 21, 2018 because potential claimants were properly notified, failed to answer, and failed to file a notice of claim. Thus, the first step in obtaining default has been satisfied.

**C.    Default Judgment**

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  But, a party seeking default judgment "is not entitled to a default judgment as of a right." Franklin v. Nat'l Maritime Union of Am., No. 91-480, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992).  The decision to enter a default judgment is "left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before

5

entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Chanel, 558 F. Supp. 2d at 535 (citing Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *3 (D.N.J. Mar. 14, 2006)).

In asset forfeiture cases, determining whether a cause of action has been adequately pled requires the Court to determine that certain procedural requirements have been met. See, e.g., United States v. $18,395.00 in U.S. Currency, No. 17-148, 2017 U.S. Dist. LEXIS 210871, at *6-10 (D.N.J. Dec. 21, 2017) (requiring only that the procedural requirements of forfeiture be met); United States v. $75,000 in U.S. Currency, No. 14-7633, 2015 U.S. Dist. LEXIS 68028, at *6-10 (D.N.J. May 16, 2015) (same); United States v. $16,010.00 in U.S. Currency, No. 11-945, 2011 U.S. Dist. LEXIS 75527, at *9-16 (D.N.J. July 13, 2011) (same). Because this case was brought under 21 U.S.C. § 881(a)(6), those procedural requirements are found under Rule G of the Supplemental Rules for Admiralty or Maritimes Claims and Asset Forfeiture Actions (the "Supplemental Rules"), the Federal Rules of Civil Procedure, and 18 U.S.C. § 983. The procedural requirements will be detailed infra where relevant.

Finally, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if

default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). If a review of the complaint demonstrates a valid cause of action, the Court must then determine whether plaintiff is entitled to default judgment.

### a. Whether the Procedural Requirements are Met Here

There are a number of steps Plaintiff must satisfy before the Court may find a proper forfeiture action has been brought against a defendant in rem. First, the government must file a verified complaint that states the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue. See Supp. R. G(2). Plaintiff has done so here. (Compl. ¶¶ 3-5.)

Moreover, the verified complaint must describe the property with reasonable particularity. If the property is tangible, the verified complaint must state its location when any seizure occurred as well as the property's location when the action was filed, if different from where the property was seized. Supp. R. G(2). Plaintiff has done both here. As described supra, the defendant property was described with reasonable particularity. (See Compl. ¶ 14 (describing the denominations seized).) The Complaint also describes where the defendant property was

seized, from a hidden compartment in the Acura Aybar was driving in Blackwood, New Jersey. (Compl. ¶¶ 11, 14.) Finally, the defendant property's current location has been described: it is in Plaintiff's custody. (Compl. ¶ 5.)

Additionally, the verified complaint must identify the statute under which the forfeiture action is brought and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Id. Plaintiff has done so here. Plaintiff asserts the forfeiture action is brought under 21 U.S.C. § 881(a)(6). Plaintiff has also given detailed facts as to how it would meet its burden at trial, describing in detail the facts supporting the assertion that the money was intended to be used in a controlled substances transaction. (Compl. ¶¶ 6-17.)

Second, when the property is in a government agency's possession, the Clerk must issue a warrant to arrest the property before the United States may seize it from the administrative agency for judicial forfeiture proceedings. See Supp. R. G(3)(b). Once the arrest warrant is issued, the government may arrest the property pursuant to the warrant. See Supp. R. G(3)(c). Plaintiff has followed the correct procedure in this case. A warrant for arrest was issued on September 25, 2018 by the Clerk. (See ECF No. 2.) It was returned properly executed on November 1, 2018. (See ECF NO. 5.)

Third and finally, the government must publish notice for any unknown potential claimants of the property and notify any known potential claimants. See Supp. R. G(4). For unknown potential claimants of the property, the government must publish notice within a reasonable time after a verified complaint is filed. One way of satisfying the notice requirement is by publishing notice for at least thirty consecutive days on an official government forfeiture website. See Supp. R. G(4)(a)(iv)(C). According to the Declaration, notice was provided as required by Supplemental Rule G(4)(a)(iv)(C) for thirty consecutive days, from October 18, 2018 through November 16, 2018 on http://www.forfeiture.gov. This satisfies the notice requirement to unknown potential claimants.

For known potential claimants of the property, the government must send notice of the action and a copy of the verified complaint to the claimant no later than the time for filing a claim under Supplemental Rule G. Supp. R. G(4)(b), (5)(a)(ii). This was done here, as notice was sent to Aybar's counsel on October 10, 2019 before the period under Supplemental Rule G(5)(a)(ii)(B) had lapsed. Thus, Plaintiff has satisfied the procedural requirements.

### b. No Potential Claimant has Filed a Claim

After a court determines whether Plaintiff has met the procedural requirements for forfeiture, it must then determine

9

whether any claimant has made a proper claim. To make a claim for the defendant property and to avoid forfeiture of the defendant property, potential claimants must file a claim under penalty of perjury that conforms to Supplemental Rule G(5)(a), the Federal Rules of Civil Procedure, and 18 U.S.C. § 983(a)(4)(A). See Supp. R. G(5)(a); 18 U.S.C. § 983(a)(4)(A).

Supplemental Rule G(5)(a) requires that the potential claimant of the property file a claim in the court where the action is pending that identifies the specific property claimed, identifies the claimant, states the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government's attorney. See Supp. R. G (5)(a). Additionally, 18 U.S.C. § 983 (a)(4)(A) requires that the potential claimant of the property file the claim no later than thirty days after the date of service of the verified complaint or no later than thirty days after the date of final publication of notice of the filing of the verified complaint. See 18 U.S.C. § 983(a)(4)(A).

The requirement that a potential claimant file a verified claim "'is no mere procedural technicality.'" United States v. $487,825.00 in U.S. Currency, 484 F.3d 662, 665 (3d Cir. 2007), as amended (May 14, 2007) (quoting United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004)). "Because of the important interests served by requiring a verified

statement, district courts are entitled to insist upon procedural regularity." Id.

There have been no claims filed for the defendant property in this matter.[1] Plaintiff states in a declaration appended to its Motion for Default Judgment, that the Complaint and Notice of Complaint was sent to Aybar's counsel, Mitchell C. Elman. (Anger Decl. ¶¶ 4-6.) Additionally, Plaintiff asserts it has posted notice – as required by Supplemental Rule G(4)(a)(iv)(C) – starting on October 18, 2018 and running for thirty consecutive days through November 16, 2018. (Anger Decl. ¶ 7.) As a claim must be filed no later than thirty days after the date of service of the verified complaint or no later than thirty days after the date of final publication of notice of the filing of the verified complaint, the time period to file a claim has expired. See 18 U.S.C. § 983(a)(4)(A). Since no timely claim has been filed and the procedural requirements of forfeiture have been met, the Court must next determine whether default judgment is appropriate.

---

[1] As the complaint states, Aybar did file a claim in the underlying administrative forfeiture proceedings. There, Aybar "filed a claim of ownership . . . contesting the forfeiture of the defendant property . . . which was made under oath and subject to the penalty of perjury." (Compl. ¶¶ 18-19.) This, however, does not satisfy the requirements under Rule G. See United States v. $31,852.38 in U.S. Currency, 183 F. App'x 237, 240-41 (3d Cir. 2006) (holding the filing of verified claims in an administrative forfeiture proceeding was insufficient to meet requirements in district court).

11

### c. Whether Plaintiff is Entitled to Default Judgment

Because it has been determined that Plaintiff has followed the procedural requirements of a forfeiture in rem and because no timely claims have been filed for the property, it must be determined whether Plaintiff is entitled to a default judgment. As an initial matter, Plaintiff is entitled to default judgment because no potential claimants have filed a verified claim or valid answer to the Complaint. $487,825.000 in U.S. Currency, 484 F.3d at 664; United States v. Assorted Jewelry Valued at $ 13,430.00, No. 11-0777, 2013 U.S. Dist. LEXIS 27472, at *2 (D.N.J. Feb. 28, 2013).

But, in the interest of fully determining whether default is appropriate, the Court will also examine the general default rules. As stated supra, prior to entering judgment on the counts where a valid cause of action has been established, three factors must be considered: (1) prejudice to the plaintiffs if default judgment is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. Chamberlain, 210 F.3d at 164.

i. Prejudice to Plaintiff

Plaintiff will be prejudiced absent a default judgment because of the failure of any claimant to respond to Plaintiff's claims leaves Plaintiff with no other means to vindicate its

claims.

### ii. Existence of Meritorious Defense

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984); accord $55,518.05 in U.S. Currency, 728 F.2d at 195; Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Here, it is axiomatic that the Court cannot consider any defenses because no claims have been filed asserting a defense. See $16,010.00 in U.S. Currency, 2011 U.S. Dist. LEXIS 75527, at *17 ("Ali has not asserted a meritorious defense, since he has failed to answer.").

### iii. Whether the Delay is the Result of Culpable Conduct

The delay here appears to be the result of culpable conduct. "Culpable conduct is dilatory behavior that is willful or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123 (3d Cir. 1983). Known and unknown potential claimants were given proper notice and, as of the writing of this Opinion, none have filed a claim or provided an answer. When proper notice has been given and when a known claimant has previously filed an administrative claim through counsel, it

suggests that the known claimant "bear[s] the responsibility for [his or her] failure to contest the Government's claim." $75,000 in U.S. Currency, 2015 U.S. Dist. LEXIS 68028, at *11.

Consequently, because the Court has found that Plaintiff will be prejudiced if default judgment is not granted, no meritorious defense has been presented, and the failure to appear in this case is the result of culpable conduct, default judgment shall be entered in Plaintiff's favor.  Thus, this Court will grant Plaintiff's Motion for Default Judgment and enter a final order of forfeiture.

## **CONCLUSION**

For the reasons stated herein, this Court will grant Plaintiff's Motion for Default Judgment and for Final Order of Forfeiture.

An appropriate Order will be entered.


Date:  February 27, 2019          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.